[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 19, 2005
THOMAS K. KAHN
CLERK

No. 04-11067
Non-Argument Calendar

_____

D. C. Docket No. 03-00385-CR-T-30

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO LOPEZ-CONTRERAS,
a.k.a. Ramon,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 19, 2005)**

Before EDMONDSON, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Mario Lopez-Contreras appeals his 210-month sentence, imposed pursuant to his guilty plea, for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(viii), and possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). He argues that the district court violated his Sixth Amendment rights under Blakely v. Washington, 124 S.Ct. 2531 (2004), by sentencing him based on additional drug quantities and firearms not charged in his indictment, proved to a jury beyond a reasonable doubt, or admitted by him during his guilty plea hearing.[1] No reversible error has been shown; we affirm.

At the guilty plea hearing, Lopez-Contreras agreed to the government's fact proffer (1) that he had delivered approximately 498.4 grams gross weight of

---

[1] In Blakely, the Supreme Court struck down an upward departure imposed under the State of Washington's sentencing system that was based solely on judicial factfinding, clarifying that the relevant "statutory maximum for Apprendi purposes is the maximum a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 124 S.Ct. at 2534-38 (emphasis omitted). But the Court stated that it was expressing "no opinion" about the Federal Sentencing Guidelines. Id. at 2538 n.9.

Then in Booker v. United States, 125 S.Ct. 738 (2005), the Supreme Court concluded that Blakely applied to the Federal Sentencing Guidelines. 125 S.Ct. at 755. The Court determined that the Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the mandatory federal guidelines, imposes a sentence greater than the maximum authorized by the facts found by a jury alone or established by a guilty plea. See Booker, 125 S.Ct. at 749-50, 755-56. We thus consider Lopez-Contreras's claim in the light of Booker.

methamphetamine to a confidential informant and (2) that approximately 3,732 grams gross weight of methamphetamine, over $135,000 in currency, and over 2 kilograms of a substance used in the production of methamphetamine were seized from a trailer in which Lopez-Contreras was living. The government did not mention facts about firearms.

The presentence investigation report (PSI) calculated a base offense level of 38, under U.S.S.G. § 2D1.1(c)(1), based on not only the quantities of the methamphetamine and the cutting agent mentioned at the guilty plea hearing, but also on new information about additional quantities of methamphetamine and d-methamphetamine hydrochloride ("ICE") seized from the trailer. The PSI converted each of these substances into their marijuana equivalents to arrive at the base offense level. The PSI then added a two-level enhancement, under U.S.S.G. § 2D1.1(b)(1), based on new information that agents had seized two handguns and ammunition during the search of the trailer. At sentencing, the district court adopted the PSI's fact determinations.

Lopez-Contreras admits that he did not raise a constitutional objection to the district court's application of the Sentencing Guidelines.[2] So, we review his

---

[2] Lopez-Contreras instead argued that his base offense level should have been calculated by using the lower weight of the "mixture or substance", as opposed to the "actual" methamphetamine weight, which purportedly would have resulted in a lower equivalent weight of marijuana. And he did not

claim for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), petition for cert. filed, No. 04-1148 (U.S. Feb. 23, 2005). On plain error review, a defendant must show "error" that is "plain" and that "affect[s] substantial rights." United States v. Olano, 113 S.Ct. 1770, 1776 (1993). It is only after these conditions have been satisfied that an appellate court then may exercise its discretion and correct the error if it seriously affects the fairness, integrity or public reputation of the judicial proceedings. Id.

In Rodriguez, we stated that Booker error is the mandatory, rather than the advisory, application of the Federal Sentencing Guidelines. Rodriguez, 398 F.3d at 1298. And we wrote that the defendant bears the burden of persuading us that this error caused him prejudice: he cannot survive plain-error analysis unless he can show "a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge." Id. at 1299, 1301.

Lopez-Contreras has not satisfied the third element of plain error review. Nothing in the record indicates that the district court might have imposed a different sentence under the new advisory sentencing scheme. We are aware that, after counsel indicated that Lopez-Contreras had no prior criminal record and

object to the § 2D1.1(b)(1) firearm enhancement.

4

certainly would be deported after serving his sentence, the district court sentenced Lopez-Contreras at the bottom of the guideline range.  But the district court later stated that it was imposing a sentence at the bottom of the guideline range because "it determine[d] that that is the appropriate punishment for the offense behavior in this case because the defendant will be deported at the end of his sentence."  Cf. United States v. Shelton, 400 F.3d 1325, 1332-34 (11th Cir. 2005) (district court's statements expressing hesitation in applying the Guidelines as mandatory can be evidence that sentencing result might have been different had district court applied Guidelines as advisory).  Lopez-Contreras has not shown "a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge."  Rodriguez, 398 F.3d at 1301.

AFFIRMED.